UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIM E. BROOKS,

        Plaintiff,

v.

        C.A. No. 01-71921

GENERAL MOTORS CORPORATION,
a Delaware corporation, METROPOLITAN
LIFE INSURANCE, a New York Corporation
and TITAN INSURANCE COMPANY, a
Michigan corporation, jointly and severally,

        Hon. Denise Page Hood

        Defendants.

---

| | |
|---|---|
| Ronald J. Bajorek (P30244)<br>Attorney for Plaintiff<br>187 South Old Woodward Ave.<br>Suite 250<br>Birmingham, Michigan 48009<br>Telephone: (248) 540-3800 | David M. Davis (P24006)<br>Kay Rivest Butler (P41651)<br>Attorney for Defendants GM and MetLife<br>Hardy, Lewis & Page, P.C.<br>401 South Old Woodward Ave.<br>Suite 400<br>Birmingham, Michigan 48009<br>Telephone: (248) 645-0800 |

David C. Anderson (P28125)
Attorney for Defendant Titan Insurance
Law Office of David C. Anderson, P.C.
305 East Maple Road
Troy, Michigan 48083
Telephone: (248) 526-0133

---

**MOTION FOR SUMMARY JUDGMENT
BY DEFENDANTS GENERAL MOTORS CORPORATION
AND METROPOLITAN LIFE INSURANCE COMPANY**

LAW OFFICES
HARDY, LEWIS
& PAGE, P.C.
401 S. OLD WOODWARD AVE.
SUITE 400
BIRMINGHAM, MI 48009-6629

(248) 645-0800



NOW COMES Defendants General Motors Corporation and Metropolitan Life Insurance Company and, pursuant to Fed. R. Civ. P. 56(c), move for Summary Judgment and in support thereof states as follows:

1.     The case was removed to this Court based on federal question jurisdiction under the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001, et seq.

2.     Plaintiff is an hourly, UAW-represented employee of General Motors.

3.     In her Complaint, Plaintiff seeks sickness and accident benefits under a Life and Disability Benefits Plan for Hourly Employees (the "Plan") provided pursuant to a Supplemental Agreement to the collective bargaining agreement between General Motors and the UAW, Plaintiff's union.

4.     As a result of orthopedic examinations performed under the Impartial Medical Opinion Program contained in the Plan, Plaintiff was found able to return to work and was therefore not eligible for continued sickness and accident benefits. The results of said examinations under the Impartial Medical Opinion Program are final and binding. Plaintiff's claim for sickness and accident benefits should therefore be dismissed.

5.     Alternatively, Plaintiff's claim for sickness and accident benefits should be dismissed because Plaintiff has not exhausted the administrative remedies provided for in the Plan for the review of denied claims.

6.     Thus, Defendants request summary judgment on the grounds that there are no disputed issues of material fact and Defendants are entitled to judgment as a matter of law.

7.     This Motion is supported by the Memorandum of Law submitted herewith, and accompanying Affidavit and Administrative Record. Concurrence in the relief requested was sought from Plaintiff's counsel, but was not forthcoming.

LAW OFFICES
HARDY, LEWIS
& PAGE, P.C.
401 S. OLD WOODWARD AVE.
SUITE 400
BIRMINGHAM, MI 48009-6629
———
(248) 645-0800

WHEREFORE, Defendants General Motors Corporation and Metropolitan Life Insurance Company respectfully request the Court grant their Motion Summary Judgment and dismiss Plaintiff's Complaint for the reason that the results of the Impartial Medical Opinion Program are final and binding as to Plaintiff's claim for sickness and accident benefits and, moreover, Plaintiff has failed to pursue her administrative remedies under the Plan.

Respectfully submitted,

By:  *Kay Rivest Butler*

David M. Davis (P24006)
Kay Rivest Butler (P41651)
Attorney for Defendants GM
and MetLife
Hardy, Lewis & Page, P.C.
401 South Woodward, Suite 400
Birmingham, MI 49009
(248) 645-0800

Dated: February 28, 2002
135598

LAW OFFICES
HARDY, LEWIS
& PAGE, P.C.
401 S. OLD WOODWARD AVE.
SUITE 400
BIRMINGHAM, MI 48009-6629

(248) 645-0800

# INDEX OF AUTHORITIES

Cases

Anderson v. Liberty Lobby, Inc.
 477 U.S. 242 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

Baxter v. C.A. Muer Corp.
 941 F.2d 451 (6th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v, 17

Celotex Corp. v. Catrett
477 U.S. 317 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Harris v. Metropolitan Life Ins. Co.
542 F. Supp. 1(E.D. MI. 1980),
aff'd, 672 F.2d 917 (6th Cir.1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v, 13, 14, 15

Mahan v. Reynolds Metals, Co.
569 F.Supp. 482 (E.D. Ark 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.
 475 U.S. 574 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

McCoy v.Metropolitan Life Insurance Co.
861 F.Supp 40 (E.D. MI 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v, 14, 15

Metropolitan Life Ins. Co. v. Taylor
481 U.S. 58 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Miller v. Metropolitan Life Ins. Co.
 925 F.2d 979 (6th  Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v, 11, 16

Pilot Life Ins. Co. v. Dedeaux
481 U.S. 41(1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Sample v. Monsanto Co.
485 F.Supp. 1018 (E.D. MO 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Statutory Authority

29 U.S.C. § 1002(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

LAW OFFICES
HARDY, LEWIS
& PAGE, P.C.
401 S. OLD WOODWARD AVE.
SUITE 400
BIRMINGHAM, MI 48009-6629

(248) 645-0800

29 U.S.C. § 1132 ........................................................ 11

29 U.S.C. §1132(a)(1)(B) .................................................. 11

29 U.S.C. § 1133 ........................................................ 16

<u>Court Rules</u>

Fed. R. Civ. P. 56(c) ..................................................... 10

LAW OFFICES
**HARDY, LEWIS**
**& PAGE,** P.C.
401 S. OLD WOODWARD AVE.
SUITE 400
BIRMINGHAM, MI 48009-6629

(248) 645-0800

## STATEMENT OF ISSUES PRESENTED

A.   Whether Plaintiff's claim for Sickness and Accident Benefits under the Supplemental Collective Bargaining Agreement Covering the General Motors' Life And Disability Benefits Program for Hourly Employees should be dismissed because Plaintiff is bound by the results of the Impartial Medical Opinion Program as provided for in the Supplemental Agreement?

|  |  |
|---|---|
| Defendants' Answer: | Yes. |
| Controlling Authority: | Harris v. Metropolitan Life Ins. Co., 542 F. Supp. 1 (E.D. MI. 1980), aff'd, 672 F.2d 917 (6th Cir.1981). |
|  | McCoy v. Metropolitan Life Ins. Co., 861 F. Supp. 40 (E.D. MI. 1994). |

B.   Whether, alternatively, Plaintiff's claim for Sickness and Accident Benefits under the Supplemental Collective Bargaining Agreement Covering the General Motors' Life And Disability Benefits Program for Hourly Employees should be dismissed because Plaintiff has not exhausted the administrative remedies provided for in the Supplemental Agreement?

|  |  |
|---|---|
| Defendants' Answer: | Yes. |
| Controlling Authority: | ERISA. |
|  | Miller v. Metropolitan Life Ins. Co. 925 F.2d 979 (6th Cir. 1991) |
|  | Baxter v. C.A. Muer Corp.,941 F.2d 451 (6th Cir. 1991) |

LAW OFFICES
HARDY, LEWIS
& PAGE, P.C.
401 S. OLD WOODWARD AVE.
SUITE 400
BIRMINGHAM, MI 48009-6629

(248) 645-0800

v

## **INTRODUCTION**

This action was removed to this Court based on federal question jurisdiction under the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001, et seq. In her Complaint, Plaintiff seeks damages in the form of sickness and accident benefits under General Motors Life and Disability Benefits Program for Hourly Employees (the "Plan"). Plaintiff, an hourly employee for General Motors, received such sickness and accident benefits for absences from work due to injuries she sustained in an automobile accident in March of 1998. Plaintiff was later examined by physicians pursuant to the Impartial Medical Opinion Program contained in the Plan. As a result of the examinations performed under the Impartial Medical Opinion Program, Plaintiff was found able to return to work and she was thus not eligible for continued sickness and accident benefits under the Plan. Pursuant to the Plan's express provisions, the results of the medical examinations under the Impartial Medical Opinion Program are final and binding upon Plaintiff. Plaintiff's claim for sickness and accident benefits should therefore be dismissed. Alternatively, Plaintiff's Complaint should be dismissed as Plaintiff has failed to exhaust the administrative remedies set forth in the Plan for the review of denied claims for sickness and accident benefits.

LAW OFFICES
HARDY, LEWIS
& PAGE, P.C.
401 S. OLD WOODWARD AVE.
SUITE 400
BIRMINGHAM, MI 48009-6629
(248) 645-0800

1

## STATEMENT OF FACTS

The following statement of facts is supported by the Administrative Record,[1] a copy of which was provided to Plaintiff's counsel, and the Affidavit of Gerald A. Przywara, submitted herewith.

### A.   Plaintiff's Employment With General Motors

Plaintiff Kim E. Brooks is employed by Defendant General Motors Corporation at its Hamtramck, Michigan assembly plant. Plaintiff, an hourly general laborer, works on the assembly line. Throughout her employment with General Motors, Plaintiff has been a member of the United Auto Workers Union ("UAW") and has been covered by various collectively bargained agreements entered into between the UAW and General Motors (Exhibit A, Complaint ¶ 8, 9).

### B.   Description of the Sickness and Accident Benefits Plan for Hourly Employees

Sickness and accident benefits are provided to UAW represented employees such as Plaintiff pursuant to the provisions of the Supplemental Agreement Covering the Life and Disability Benefits Program for Hourly Employees (the "Plan") which was negotiated between General Motors and the UAW, the recognized collective bargaining agent for Plaintiff. Pertinent portions of the Plan are attached at Exhibit B.[2] The Plan is provided by General Motors under the provisions of a self-funded Employee Welfare Benefit Plan as described in the Employee

---

[1]   The Administrative Record, which is contained within the Appendix to Motion for Summary Judgment by Defendants General Motors Corporation and Metropolitan Life Insurance Company, will be referenced by page number.

[2]   The Plan is Exhibit B to the collective bargaining agreement between General Motors and the UAW. The collective bargaining agreements in effect when Plaintiff's claims were submitted to MetLife were the November 1996 and September 1999 Agreements. As to this lawsuit, the pertinent Plan provisions of both Agreements are identical.

LAW OFFICES
HARDY, LEWIS
& PAGE, P.C.
401 S. OLD WOODWARD AVE.
SUITE 400
BIRMINGHAM, MI 48009-6629

(248) 645-0800

2

Retirement Income Security Act ("ERISA"). Metropolitan Life Insurance Company ("MetLife") is the claims administrator of the Plan (Affidavit of Przywara, ¶2).

Under the Plan, sickness and accident benefits are payable to eligible employees who are "wholly and continuously disabled as a result of any injury or sickness so as to be prevented thereby from performing any and every duty of their occupation" and who are under treatment therefore by a licensed physician (Exhibit B, Article II, Section 6, Sickness and Accident Benefits, pp. 20-24). Benefits commence after a seven day waiting period from the start of the disability and are subject to the employee furnishing proof of the claim (Exhibit B, Article II, Section 6, Sickness and Accident Benefits, pp. 20-24).

General Motors and the UAW have negotiated and developed an Impartial Medical Opinion ("IMO") Program, which is designed to provide an impartial medical opinion in disputed sickness and accident benefit cases. The physicians who act as Impartial Medical Examiners are jointly selected by General Motors and the UAW. Under the IMO Program, the impartial opinions of such medical examiners as to the employee's ability to return to work are final and binding upon the employee, General Motors, the UAW, and MetLife (Exhibit B, Article I, Section 8, GM-UAW Impartial Medical Opinion Program, pp. 13-14; Affidavit of Przywara, ¶5).

The IMO Program also provides for an administrative appeal procedure whereby Plan participants can seek review and possible reconsideration of a denied claim (Affidavit of Przywara, ¶¶ 6, 7). The first three steps of the procedure are in pertinent part:

Step 1. Following the receipt of the formal notification letter from Metropolitan by which the employee . . . is advised of the reasons for the denial of his claim, the employe . . . may request the representative whom his local union has

LAW OFFICES
HARDY, LEWIS
& PAGE, P.C.
401 S. OLD WOODWARD AVE.
SUITE 400
BIRMINGHAM, MI 48009-6629

(248) 645-0800

3

designated to discuss [Plan] matter to review the reasons for the denial with the local management representative.

Step 2. The local management representative will review the employe's case with the local union benefit representative . . . the local management representative . . . will advise what, if anything, the employe . . . can do to support the claim for payment of benefits . . .

Step 3. If, after discussion with the local management representative, the local union benefit representative contests the position of Metropolitan as reflected by the local management representative he may refer the case on an appeal form provided for that purpose to the International Union for review with the Corporation.  A copy of such appeal form shall be presented to the local management representative.

(Exhibit B, Procedure for Review of<br>Denied Claims, pp. 98-100).

The remaining steps involve participation by Plaintiff's International Union, General Motors and MetLife (Exhibit B, Procedure for Review of Denied Claims, pp. 98-100).

**C.      Plaintiff's Sickness & Accident Benefit Claims**

Through this lawsuit, Plaintiff seeks the recovery of sickness and accident benefits under the Plan, which she claims were wrongfully denied by General Motors and MetLife.  Plaintiff filed claims for sickness and accident benefits under the Plan for five separate periods relating to injuries she sustained in an automobile accident in March of 1998.  As to two of the claims -- the June 4, 1998 and November 29, 1999 claims -- Plaintiff received sickness and accident benefits during those periods of absence from work and returned to work upon notification that the Impartial Medical Examiner found her able to do so.  Thus, the payment of sickness and accident benefits for Plaintiff's June 4, 1998 and November 29, 1999 claims is not at issue in this lawsuit and are not addressed herein.

### 1.    March 1998 Claim

On or about March 18, 1998, MetLife received a claim for sickness and accident benefits from Plaintiff, indicating that Plaintiff was totally disabled due to injuries sustained in a non-work related automobile accident on March 8, 1998 (Exhibit C, Claim Form dated 3/18/98; App. p. 218). Plaintiff's attending physician, Charisse Gencyuz, M.D., an internist, provided a diagnosis of muscle spasm and cervical myofascitis (Exhibit D, Attending Physician Statement dated 5/10/98 and Supplementary Report dated 3/19/98; App. pp. 211, 219).

As provided for in the Plan, Plaintiff underwent an Impartial Medical Examination on May 18, 1998, the results of which were final and binding upon Plaintiff, General Motors, the UAW and MetLife (Affidavit of Przywara, ¶ 9). The examination was performed by B. Jaqdale, M.D., an orthopedics specialist (Affidavit of Przywara, ¶ 9). Dr. Jaqdale prepared a report setting forth his Impartial Medical Opinion, a copy of which is attached hereto as Exhibit E (App. pp. 209-210; Affidavit of Przywara, ¶9). Dr. Jaqdale noted that Plaintiff had a full range of motion in the cervical spine, shoulders and elbows during the examination. Moreover, his examination of Plaintiff's cervical spine did not reveal any muscle spasms and there was no abnormality in the scapular region. Dr. Jaqdale concluded that Plaintiff was able to return to work at that time (Exhibit E; App. pp. 209-210; Affidavit of Przywara, ¶ 9).

Based upon the binding Impartial Medical Opinion, which found Plaintiff able to return to work, no sickness and accident benefits were payable to Plaintiff beyond May 18, 1998 (the date of the Impartial Medical Examination (Affidavit of Przywara, ¶10). Plaintiff did not utilize the Plan's Procedure for Review of Denied Claims to contest the denial of her claim for sickness

LAW OFFICES
HARDY, LEWIS
& PAGE, P.C.
401 S. OLD WOODWARD AVE.
SUITE 400
BIRMINGHAM, MI 48009-6629

(248) 645-0800

and accident benefits pertaining to absences from work after May 18, 1998 (Affidavit of Pryzwara, ¶10).

### 2.    April 2000 Claim

On or about April 17, 2000, MetLife received another claim for sickness and accident benefits from Plaintiff (Exhibit F, Claim Form dated 4/17/00; App. p. 75).  Plaintiff stated that she became totally disabled on April 12, 2000 due to injuries sustained in the March, 1998 automobile accident (Exhibit F; App. p. 75).  Plaintiff's attending physician, John Pollina, M.D., who specializes in physiatry, listed a diagnosis of cervical radiculopathy (Exhibit G, Attending Physician Statement dated 4/19/00 and Supplementary Report dated 5/17/00; App. pp. 68, 76).

On April 25, 2000, an Impartial Medical Examination was conducted on Plaintiff by A.N. Sinha, M.D., an orthopedics specialist (Exhibit H, Report dated 5/8/00; App. pp. 65-66).  Dr. Sinha determined that Plaintiff was "disabled for her regular job as an assembler for about two more weeks" (Exhibit H; App. pp. 65-66; Affidavit of Przywara, ¶12).

On June 8, 2000, Plaintiff underwent another Impartial Medical Examination by Dr. Sinha.  As with her prior examinations, Plaintiff completed a Job Description Statement which was provided to Dr. Sinha  (Exhibit I, Employee Job Description Statement; App. p. 63).  A copy of the Impartial Medical Examination report prepared by Dr. Sinha is attached as Exhibit J (Report dated 6/8/00; App. pp. 61-62).  Dr. Sinha's examination of Plaintiff's cervical spine revealed no deformity, palpable focal tenderness, or paracervical muscle spasm.  Moreover, Plaintiff's neck movements were full, with some discomfort only in the final stage of rotation to the right side.  The results of the spurling and cervical compression tests performed during the examination were also

LAW OFFICES
HARDY, LEWIS
& PAGE, P.C.
401 S. OLD WOODWARD AVE.
SUITE 400
BIRMINGHAM, MI 48009-6629

(248) 645-0800

6

both negative (Exhibit J; App. p. 62).  Neither the neurological examination nor x-rays supported

Plaintiff's claimed physical limitations, as Dr. Sinha noted in his Impartial Medical Examination

report that:

> Neurological examination of the upper extremities reveals bilaterally normal reflexes of the biceps, triceps, and brachial radialis.  Patient complained of lack of sensation to pinwheel, the entire right hand, both dorsally and palmar aspect, as well as both dorsal and flexor aspects of the forearm.  This is anatomically and physiologically impossible, without any muscle atrophy and without any evidence of any burn or other atrophy skin lesions.  In fact, she had excellently polished nails in both hands, which on questioning she stated she did herself.  She is able to move all her joints actively through the full ranges of motion, but when attempts were made to try the muscle strength, her movements against resistance, she stated "I'm in too much pain."  In spite of this particular statement, patient, who is right hand dominant, drove herself today, steering with both hands.
>
> X-rays of the cervical spine . . . taken during her previous visit, [were] reviewed and found to show no significant abnormality, with normal intervertebral disc spaces and foramina on both sides.

(Exhibit J; App. p. 62).

As part of his Impartial Medical Examination, Dr. Sinha also obtained and reviewed the

results of a prior MRI performed on Plaintiff.  Those test results showed a small stable central disc

herniation at C5-6.  However, the disc herniation was not causing any central spinal cord stenosis

or nerve root involvement and Dr. Sinha determined that it may have been an incidental finding

(Exhibit J; App. p. 62).

Dr. Sinha's final and binding Impartial Medical Opinion was that Plaintiff was able to return

to work:

> [I] do not find any reason to account for [Plaintiff's] right upper extremity pain, numbness and weakness based on this MRI report.  Certainly, she has a lot of subjective symptoms.  Some of the neurological findings are also based on

LAW OFFICES

**HARDY, LEWIS
& PAGE, P.C.**

401 S. OLD WOODWARD AVE.

SUITE 400

BIRMINGHAM, MI 48009-6629

(248) 645-0800

7

subjective response and certainly her sensory impairment involving the right forearm and hand cannot be explained by any medical account.

<u>Therefore, based on today's examination, I find [Plaintiff] able to return to her regular job on the assembly line at the Detroit Hamtramck Plant.</u>

(Exhibit J; App. p. 62)(emphasis added).

Based on the results of the Impartial Medical Opinion that Plaintiff was not disabled, sickness and accident benefits were not payable to Plaintiff after June 8, 2000, the date of the Medical Examination (Exhibit K, Notice to Plaintiff dated 7/5/00; Affidavit of Przywara, ¶14). Plaintiff did not exercise her rights under the Plan's Review Procedure to appeal the denial of her claim for sickness and accident benefits covering her absences from work subsequent to June 8, 2000 (Affidavit of Przywara, ¶14).

### 3.    July 2000 Claim

On or about August 10, 2000, MetLife received another claim for sickness and accident benefits from Plaintiff, in which Plaintiff stated that she had been totally disabled since July 21, 2000 as a result of injuries sustained in the March, 1998 accident (Exhibit L, Claim Form dated 8/10/00; App. p. 16).  Plaintiff's physician, Dr. Pollina, submitted an Attending Physician's Statement, indicating a primary diagnosis of cervical radiculopathy and a secondary diagnosis of disc herniation, C-4 and C-5 (Exhibit M, Attending Physician's Statement dated 8/16/00; App. p. 17).

Pursuant to the terms of the Plan, Plaintiff was requested to undergo an Impartial orthopedic Medical Examination by Dr. Sinha (Exhibit N, Notice of Examination; App. p. 21). Notice of the examination was also sent to Plaintiff's attending physician, Dr. Pollina, who was

LAW OFFICES
**HARDY, LEWIS
& PAGE, P.C.**
401 S. OLD WOODWARD AVE.
SUITE 400
BIRMINGHAM, MI 48009-6629

(248) 645-0800

8

invited to furnish Dr. Sinha with any information he deemed pertinent to the evaluation of Plaintiff's condition (Exhibit N; App. p. 21). Dr. Sinha was also provided with the Job Description Statement prepared by Plaintiff (Exhibit O, Job Description Statement; App. p. 15).

A copy of the Report prepared by Dr. Sinha after his August 10, 2000 Impartial Medical Examination of Plaintiff is attached as Exhibit P (App. p. 13-14). The examination of Plaintiff's cervical spine showed no deformity. Although Dr. Sinha noted some voluntary guarding and alleged pain by Plaintiff, her movements during the examination were full. In addition, the spurling maneuver and impingement sign performed on Plaintiff were both negative. Further, there was no swelling or tenderness around Plaintiff's shoulder joint and her shoulder motions during the examination were normal, without any crepitations. Dr. Sinha's neurological examination of Plaintiff's upper extremities also revealed bilaterally normal reflexes, motor power, and skin sensation. There also was no evidence of any muscle atrophy in the arm or forearm muscles. Finally, Plaintiff's radial pulses were normal and the adison test results were negative (Exhibit P; App. p. 14).

Based upon his orthopedic examination, it was Dr. Sinha's Impartial Medical Opinion that Plaintiff was fit to return to work (Exhibit P; App. p. 14). Dr. Sinha found no objective basis for disability as his examination failed to show any functional limitations or neurological abnormalities in Plaintiff:

> [Plaintiff] continues to complain of pain in the neck and right upper extremity, which has been recurrent since a car accident in 1998. So far most of the investigations have been negative. Clinical examination has shown very little objective findings to account for this pain. Today's examination, as on the previous occasion, fails to show any functional limitations or neurological abnormality in the upper extremity to suggest any cervical radiculopathy, tendonitis/bursitis of the

LAW OFFICES
HARDY, LEWIS
& PAGE, P.C.
401 S. OLD WOODWARD AVE.
SUITE 400
BIRMINGHAM, MI 48009-6629

(248) 645-0800

9

<u>right shoulder or peripheral neuropathy involving the right upper extremity. Based on this examination, I find her fit to return to work.</u>

(Exhibit P; App. p. 14)(emphasis added).

As the binding Impartial Medical Opinion held Plaintiff fit to resume the duties of her occupation at that time, full payment of Plaintiff's claim for sickness and accident benefits was made through August 10, 2000 (Exhibit Q, Notice to Plaintiff dated 8/28/00; App. p. 12). Thereafter, several additional attending physician statements were received from Dr. Pollina, in which he extended Plaintiff's return to work date though January, 2001, based upon a purportedly continuing disability (Exhibit R; App, pp. 8, 9, 11). However, due to the results of the August 10, 2000 Impartial Medical Examination, no sickness and accident benefits were payable to Plaintiff beyond that date (Affidavit of Przywara, ¶17).

Plaintiff was notified of the Procedure for Review of the Denied Claims for sickness and accident benefits (Exhibit Q; App. p. 12). However, she did not provide additional medical information to be forwarded to the Impartial Medical Examiner, and thus, she did not appeal her claim as provided for in the Procedure for Review of Denied Claims (Affidavit of Przywara,¶17).

## <u>ARGUMENT</u>

A.  **<u>Summary Judgment Is Warranted When There Is No Genuine Issue As To Any Material Fact And The Moving Party Is Entitled To Judgment As A Matter Of Law.</u>**

Under Fed. R. Civ. P. 56(c), summary judgment "<u>shall</u> be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine as to any material fact and that the moving party is entitled to judgment as a matter of law." <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986);

LAW OFFICES
HARDY, LEWIS
& PAGE, P.C.
401 S. OLD WOODWARD AVE.
SUITE 400
BIRMINGHAM, MI 48009-6629

(248) 645-0800

10

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986).

Once the moving party discharges its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine triable issue:

> There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the [non-movant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

Anderson, 477 U.S. at 249-50.

**B.      The Plan Is Governed By ERISA And Plaintiff's Claim For Sickness and Accident Benefits Under The Plan Arises Under Federal Law.**

The Plan is an "employee welfare benefit plan" as defined under ERISA. 29 U.S.C.. § 1002(1). Section 502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), provides that participants in employee benefit plans may bring civil actions to recover benefits due them under the terms of their plan. 29 U.S.C. § 1132(a)(1)(B). See Miller v. Metropolitan Life Ins. Co., 925 F.2d 979, 980 (6th Cir. 1991). Further, Plaintiff's claim for sickness and accident benefits under the Plan arises under section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974, ERISA, 29 U.S.C. § 1132. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 62-63 (1987); Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41,45 (1987) (ERISA preemption); Miller, supra at 982, (ERISA preempts state law claims for ERISA-regulated plan benefits).

LAW OFFICES
HARDY, LEWIS
& PAGE, P.C.
401 S. OLD WOODWARD AVE.
SUITE 400
BIRMINGHAM, MI 48009-6629
(248) 645-0800

11

C.   **Plaintiff's Claim For Sickness And Accident Benefits Should Be Dismissed Because Plaintiff Is Bound By The Results Of The Impartial Medical Opinion Program And/Or Because Plaintiff Failed To Exhaust Her Administrative Remedies.**

1.   **Plaintiff Is Bound By The Impartial Medical Opinion, Which Found Her Fit To Return To Work.**

Plaintiff alleges that her claims for sickness and accident benefits under the Plan were wrongfully denied by Defendants General Motors and MetLife.  However, the sickness and accident benefits were terminated after Plaintiff was examined and pronounced able to work by an Impartial Medical Examiner.  The Medical Examinations were conducted in accordance with the Impartial Medical Opinion Program agreed to by General Motors and the UAW.  Under the Plan provisions, the Impartial Medical Opinion is final and binding upon Plaintiff and is not open to challenge through this lawsuit.  Plaintiff's claim should therefore be dismissed.

It is undisputed that throughout her employment with General Motors, Plaintiff has been an hourly, UAW-represented worker whose employment is covered by collective bargaining agreement. (Complaint, ¶¶8, 9).  Pursuant to the collective bargaining agreements between General Motors and the UAW, General Motors agreed to provide certain benefits for hourly employees, including a Life and Disability Benefits Program for Hourly Employees.  In Section 8 of the Plan, General Motors and the UAW agreed to participate in an Impartial Medical Opinion Program in cases of disputed sickness and accident claim  Under the Plan, the results of the Impartial Medical Examination are final and binding on the employee, General Motors, the UAW, and MetLife (Exhibit B, Article I, Section 8, GM-UAW Impartial Medical Opinion Program, p. 13; Affidavit of Przywara, ¶5).  Plaintiff's claim for sickness and accident benefits should be dismissed because,

LAW OFFICES
HARDY, LEWIS
& PAGE, P.C.
401 S. OLD WOODWARD AVE.
SUITE 400
BIRMINGHAM, MI 48009-6629
———
(248) 645-0800

as a matter of law, she is bound by the results of the Impartial Medical Examinations which found her able to work and therefore , Plaintiff was not eligible for continued sickness and accident benefits.

The binding effect of the Impartial Medical Opinion Program on sickness and accident claims under the Plan was addressed in Harris v. Metropolitan Life Ins. Co., 542 F. Supp. 1 (E.D. MI. 1980), aff'd, 672 F.2d 917 (6th Cir.1981).  In Harris, the plaintiff, a General Motors hourly employee, applied for and received sickness and accident benefits for a period of time.  The plaintiff was later examined pursuant to the Impartial Medical Opinion Program.  The plaintiff's sickness and accident benefits were later terminated based on the Impartial Medical Opinion, which held that the plaintiff was not disabled.  The plaintiff argued that he should not be bound by the Impartial Medical Opinion Program and that the impartial physician's conclusion that he was able to return to work was based upon "tenuous medical determinations."  The Court concluded that the plaintiff was bound by the outcome of the Impartial Medial Opinion:

> Plaintiff is a UAW member. The UAW negotiated the sickness and accident benefit policy.  the UAW agreed with GM, that any dispute over the right to benefits would be resolved under the impartial medical opinion program.  That agreement is binding on plaintiff. Field v. Local 652, UAW AFL-CIO, 6 Mich. App. 140, 148 N.W.2d 552 (1967).
>
> Defendant followed the procedure provided for in the agreement in resolving plaintiff's claim for benefits under the policy.  The doctors chosen under the impartial medical program concluded plaintiff was fit to return to work.  Their determination is the same as if an arbitrator has resolved a grievance under the collective bargaining agreement.  It is not open to challenge because plaintiff disagrees. Teamsters Local Union No. 30 v. Helms Express, Inc., 591 F.2d 211, 216 (3rd Cir. 1979).

542 F. Supp. 1(footnotes omitted).

LAW OFFICES
HARDY, LEWIS
& PAGE, P.C.
401 S. OLD WOODWARD AVE.
SUITE 400
BIRMINGHAM, MI 48009-6629

(248) 645-0800

13

In <u>McCoy v. Metropolitan Life Insurance Co.</u>, 861 F.Supp 40 (E.D. MI 1994), summary judgment was likewise granted to the defendant on the basis of the binding Impartial Medical Opinion Program. The plaintiff in <u>McCoy</u> was an hourly General Motors employee who, following the exhaustion of sickness and accident benefits, applied for and received extended disability benefits. While the plaintiff was receiving extended disability benefits, he was sent for examination pursuant to the Impartial Medical Opinion Program. The physician who examined the plaintiff determined that he was able to return to work. Based on the physician's Impartial Medical Opinion, the plaintiff's extended disability benefits were terminated.

The Court granted summary judgment based on the binding results of the Impartial Medical Opinion Program and dismissed the plaintiff's claim for benefits. Relying on <u>Harris</u>, <u>supra</u>., the Court concluded:

> In the instant case, defendant MetLife also followed the procedures provided in the agreement for resolving plaintiff's claim for benefits. And like the <u>Harris</u> case, in this case the Union of which plaintiff is a member, negotiated the sickness and accident benefits policy. The [Union] agreed with GM, that any dispute over the right to benefits would be resolved under the impartial medical opinion program. That agreement is binding on plaintiff. <u>Id</u>. This court notes that the district court's opinion in the <u>Harris</u> case was appealed to the Sixth Circuit. The Sixth Circuit affirmed the district court's decision.
>
> In the instant case, Dr. Beale's medical opinion appear on its face to be at least somewhat contradictory. However, the parties agreed that the opinion of the impartial medical examiner would be "final and binding." Ex. A to Defendant's Motion at 12. Consequently, this court has no authority to review Dr. Beale's decision. For the foregoing reasons, defendant's motion for summary judgment shall be granted.
>
> 861 F.Supp 40, 41(footnote omitted).[3]

LAW OFFICES

HARDY, LEWIS
& PAGE, P.C.

401 S. OLD WOODWARD AVE.

SUITE 400

BIRMINGHAM, MI 48009-6629

(248) 645-0800

---

[3]   In a footnote, the Court noted that the IMO doctor's report was somewhat contradictory in that it noted certain clinical deficiencies in the plaintiff's hand but concluded that the plaintiff was capable of working without restriction.

14

See also Sample v. Monsanto Co., 485 F.Supp. 1018 (E.D. MO 1980) (where the employee's benefit plan called for submission of disputed claims for medical arbitration by a physician jointly selected by the employee and the company, the procedure provided a fair mechanism and was a reasonable delegation of the defendant's fiduciary duties under the plan); Mahan v. Reynolds Metals, Co., 569 F.Supp. 482 (E.D. ARK 1983) (collectively bargained procedure for review of disputed claims by the employee's doctor, a company selected doctor and a jointly selected neutral doctor was binding as to the employee's claim for disability pension benefits).

The Impartial Medical Opinion Program at issue in Harris and McCoy is the same Program at issue here.  As those cases, Plaintiff was sent for Medical Examinations pursuant to and in accordance with the terms of the Impartial Medical Opinion Program.  The Impartial Medical Opinions rendered as a result of those Examinations was that Plaintiff was not disabled and was fit to return to work.  As in Harris and McCoy, the Impartial Medical Opinions are binding upon Plaintiff.

Accordingly, summary judgment dismissing Plaintiff's claim for sickness and accident benefits should be granted on the grounds that Plaintiff's benefits were terminated based upon examinations under an Impartial Medical Opinion Program, the results of which are binding upon Plaintiff, pursuant to a collective bargaining agreement between Defendant General Motors and the UAW, Plaintiff's collective bargaining agent.

LAW OFFICES
HARDY, LEWIS
& PAGE, P.C.
401 S. OLD WOODWARD AVE.
SUITE 400
BIRMINGHAM, MI 48009-6629

(248) 645-0800

15

2.    **Even Assuming The Impartial Medical Opinion Results Are Subject to Challenge, Plaintiff Failed To Exhaust Her Administrative Remedies.**

Assuming arguendo that the results of the examinations under the Impartial Medical Opinion Program are subject to judicial challenge, Plaintiff's claim should nevertheless be dismissed because she failed to exhaust her administrative remedies as set forth in the Plan. The Plan, through the Procedure for Review of Denied Claims, provides for an administrative appeal procedure whereby employees can seek review and possible reconsideration of denied claims (Exhibit B, Procedure for Review of Denied Claims, pp. 98-100; Affidavit of Przywara, ¶¶6, 7).

Plaintiff never utilized the Procedure for Review of Denied Claims to contest the denial of her claims for continued sickness and accident benefits (Affidavit of Przywara, ¶¶10, 14, 17, 18). Had she filed such administrative appeals, they would have been processed in accordance with the Plan's procedures and her position would have been fully considered (Affidavit of Przywara , ¶18). Accordingly, even if Plaintiff's claim was not subject to dismissal based upon the binding Impartial Medical Opinion Program, summary judgment is nevertheless warranted due to Plaintiff's failure to exhaust the administrative remedies provided for in the Plan.

Section 503 of ERISA, 29 U.S.C. § 1133, requires every employee benefit plan to include a procedure affording participants review of an adverse decision of a claim for benefits. Based on this language, courts have established that ERISA requires plan beneficiaries must exhaust their administrative remedies. See Miller v. Metropolitan Life Insurance Co., 925 F.2d 979, 986 (6th Cir. 1991) (in affirming the trial court's grant of MetLife's motion for summary judgment, the Sixth

LAW OFFICES
HARDY, LEWIS
& PAGE, P.C.
401 S. OLD WOODWARD AVE.
SUITE 400
BIRMINGHAM, MI 48009-6629

(248) 645-0800

16

Circuit adopted the rule that the administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies).

In <u>Baxter v. C.A. Muer Corp.</u>, 941 F.2d 451, 453 (6th Cir. 1991), the plaintiff sued his employer under ERISA § 502 after he applied for and was denied medical benefits under his employer's health plan. The trial court granted the employer summary judgment, holding in part that the plaintiff should have exhausted his administrative remedies. <u>Id</u>. at 453. In upholding the trial court's decision, the Sixth Circuit held forth at length on the purposes of ERISA's exhaustion requirement:

> Congress' apparent intent in mandating these internal claims procedures was to minimize the number of frivolous ERISA lawsuits; promote the consistent treatment of benefit claims; provide a nonadversarial dispute resolution process; and decrease the cost and time of claims settlement. It would be 'anomalous' if the same reasons which led Congress to require plans to provide remedies for
>
> ERISA claimants did not lead courts to see that those remedies are regularly utilized. (citation omitted)
>
> 941 F.2d at 453

The Court further noted that the exhaustion requirement allows plan administrators to manage their funds efficiently, correct their errors, interpret plan provisions, and compile a factual record to assist a court in reviewing their actions. <u>Id</u>. In concluding that the plaintiff should have exhausted his administrative remedies, the court expressly held that "[t]he fact that permissive language was used in framing the administrative review provision makes no difference." <u>Id</u>. at 454.

Federal law clearly requires a potential plaintiff to exhaust administrative remedies before pursuing ERISA litigation. Thus, alternatively, Plaintiff's Complaint for sickness and accident benefits should be dismissed based on her failure to exhaust administrative remedies.

LAW OFFICES
HARDY, LEWIS
& PAGE, P.C.
401 S. OLD WOODWARD AVE.
SUITE 400
BIRMINGHAM, MI 48009-6629

(248) 645-0800

17

## CONCLUSION

Defendants General Motors Corporation and Metropolitan Life Insurance Company respectfully request that this Court grant their Motion for Summary Judgment, and dismiss Plaintiff's Complaint for the reason that the results of the Impartial Medical Opinion Program are binding as to Plaintiff's claim for sickness and accident benefits and, moreover, Plaintiff failed to exhaust her administrative remedies as required under the Plan.

Respectfully submitted,

By: *Kay Rivest Butler*
David M. Davis (P24006)
Kay Rivest Butler (P41651)
Attorney for Defendants GM
and MetLife
Hardy, Lewis & Page, P.C.
401 South Woodward, Suite 400
Birmingham, MI 49009
(248) 645-0800

Dated: February 28, 2002
135624

LAW OFFICES
HARDY, LEWIS
& PAGE, P.C.
401 S. OLD WOODWARD AVE
SUITE 400
BIRMINGHAM, MI 48009-6629

(248) 645-0800

18



## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

KIM E. BROOKS,

        Plaintiff,

v.

        C.A. No. 01-71921

        Hon. Denise Page Hood

GENERAL MOTORS CORPORATION,
a Delaware corporation, METROPOLITAN
LIFE INSURANCE, a New York Corporation
and TITAN INSURANCE COMPANY, a
Michigan corporation, jointly and severally,

        Defendants.

---

Ronald J. Bajorek (P30244)
Attorney for Plaintiff
187 South Old Woodward Ave.
Suite 250
Birmingham, Michigan 48009
Telephone: (248) 540-3800

David M. Davis (P24006)
Kay Rivest Butler (P41651)
Attorneys for Defendants GM and MetLife
Hardy, Lewis & Page, P.C.
401 South Old Woodward Ave.
Suite 400
Birmingham, Michigan 48009
Telephone: (248) 645-0800

David C. Anderson (P28125)
Attorney for Defendant Titan Insurance
Law Office of David C. Anderson, P.C.
305 East Maple Road
Troy, Michigan 48083
Telephone: (248) 526-0133

---

LAW OFFICES
HARDY, LEWIS
& PAGE, P.C.
401 S. OLD WOODWARD AVE.
SUITE 400
BIRMINGHAM, MI 48009-6629

(248) 645-0800

## BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
## BY DEFENDANTS GENERAL MOTORS CORPORATION
## AND METROPOLITAN LIFE INSURANCE COMPANY

## <u>TABLE OF CONTENTS</u>

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

     A.    Plaintiff's Employment With General Motors  . . . . . . . . . . . . . . . . . . . . . 2

     B.    Description of the Sickness and Accidents Benefit Plan
            for Hourly Employees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

     C.    Plaintiff's Sickness and Accident Benefit Claims.  . . . . . . . . . . . . . . . . . . 4

            1.    March 1998 Claim.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

            2.    April 2000 Claim.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

            3.    July 2000 Claim.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

     A.    Summary Judgment Is Warranted When There Is No Genuine Issue
            As To Any Material Fact And The Moving Party Is Entitled To
            Judgment As A Matter Of Law.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

     B.    The Plan Is Governed By ERISA And Plaintiff's Claim For
            Sickness and Accident Benefits Under The Plan Arises Under
            Federal Law.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

     C.    The Claim For Sickness And Accident Benefits Should Be
            Dismissed Because Plaintiff Is Bound By The Results Of The
            Impartial Medical Opinion Program And/Or Because Plaintiff
            Has Failed To Exhaust Her Administrative Remedies. . . . . . . . . . . . . . 12

            1.    Plaintiff Is Bound By The Impartial Medical Opinion,
                Which Found Her Fit To Return To Work. . . . . . . . . . . . . . . . . . 12

LAW OFFICES
**HARDY, LEWIS**
**& PAGE,** P.C.
401 S. OLD WOODWARD AVE.
SUITE 400
BIRMINGHAM, MI 48009-6629

(248) 645-0800

i

2.      Even Assuming The Impartial Medical Opinion Results Are
        Subject to Challenge, Plaintiff Failed To Exhaust Her
        Administrative Remedies . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

CONCLUSION   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

LAW OFFICES
HARDY, LEWIS
& PAGE, P.C.
401 S. OLD WOODWARD AVE.
SUITE 400
BIRMINGHAM, MI 48009-6629

(248) 645-0800

ii

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIM E. BROOKS,

Plaintiff,

v.

C.A. No. 01-71921

Hon. Denise Page Hood

GENERAL MOTORS CORPORATION,
a Delaware corporation, METROPOLITAN
LIFE INSURANCE, a New York Corporation
and TITAN INSURANCE COMPANY, a
Michigan corporation, jointly and severally,

Defendants.

_____/

Ronald J. Bajorek (P30244)
Attorney for Plaintiff
187 South Old Woodward Ave.
Suite 250
Birmingham, Michigan 48009
Telephone: (248) 540-3800

David M. Davis (P24006)
Kay Rivest Butler (P41651)
Attorney for Defendants GM and MetLife
Hardy, Lewis & Page, P.C.
401 South Old Woodward Ave., Suite 400
Birmingham, Michigan 48009
Telephone: (248) 645-0800

David C. Anderson (P28125)
Attorney for Defendant Titan Insurance
Law Office of David C. Anderson, P.C.
305 East Maple Road
Troy, Michigan 48083
Telephone: (248) 526-0133

_____/

## NOTICE OF HEARING

TO:    ALL COUNSEL OF RECORD

PLEASE TAKE NOTICE that Defendants General Motors Corporation's and

Metropolitan Life Insurance's Motion for Summary Judgment will be brought on for hearing

before the Honorable Denise Page Hood on Monday, April 8, 2002, at 10:00 a.m.

LAW OFFICES
HARDY, LEWIS
& PAGE, P.C.
401 S. OLD WOODWARD AVE.
SUITE 400
BIRMINGHAM, MI 48009-6629

(248) 645-0800

Respectfully submitted,


By: _____
David M. Davis (P24006)
Kay Rivest Butler (P41651)
Attorney for Defendants GM
and MetLife
Hardy, Lewis & Page, P.C.
401 South Woodward, Suite 400
Birmingham, MI 49009
(248) 645-0800

Dated: February 28, 2002
00135745.WPD

LAW OFFICES

HARDY, LEWIS

& PAGE, P.C.

401 S. OLD WOODWARD AVE.

SUITE 400

BIRMINGHAM, MI 48009-6629

(248) 645-0800

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIM E. BROOKS,

                    Plaintiff,

                                              C.A. No. 01-71921

v.

                                              Hon. Denise Page Hood

GENERAL MOTORS CORPORATION,
a Delaware corporation, METROPOLITAN
LIFE INSURANCE, a New York Corporation
and TITAN INSURANCE COMPANY, a
Michigan corporation, jointly and severally,

                    Defendants.

_____/

Ronald J. Bajorek (P30244)                David M. Davis (P24006)
Attorney for Plaintiff                    Kay Rivest Butler (P41651)
187 South Old Woodward Ave.               Attorney for Defendants GM and MetLife
Suite 250                                 Hardy, Lewis & Page, P.C.
Birmingham, Michigan 48009                401 South Old Woodward Ave., Suite 400
Telephone: (248) 540-3800                 Birmingham, Michigan 48009
                                          Telephone: (248) 645-0800

David C. Anderson (P28125)
Attorney for Defendant Titan Insurance
Law Office of David C. Anderson, P.C.
305 East Maple Road
Troy, Michigan 48083
Telephone: (248) 526-0133

_____/

## PROOF OF SERVICE

      Cathie L. Hackney, being first duly sworn, deposes and states that she is an employee of

the law firm of Hardy, Lewis & Page, P.C. and that on February 28, 2002 she caused to be hand

served a copy of Defendants General Motors Corporation's and Metropolitan Life Insurance's

Motion for Summary Judgment, Brief in Support, Notice of Hearing and this Proof of Service

LAW OFFICES
HARDY, LEWIS
& PAGE, P.C.
401 S. OLD WOODWARD AVE.
SUITE 400
BIRMINGHAM, MI 48009-6629

(248) 645-0800

upon:  Ronald J. Bajorek, Esq., 187 South Old Woodward Ave., Suite 250, Birmingham,

Michigan 48009 and David C. Anderson, Esq., Law Office of David C. Anderson, P.C., 305

East Maple Road, Troy, Michigan 48083.

Cathie L. Hackney

Subscribed and sworn to before
me this 28th day of February, 2002.

Debra M. Ridley, Wayne County
Notary (Acting in Oakland County)
State of Michigan
My Commission Expires: 11/16/05

00135830.WPD

DEBRA M. RIDLEY
NOTARY PUBLIC WAYNE CO., M
MY COMMISSION EXPIRES Nov 16, 2005

LAW OFFICES
HARDY, LEWIS
& PAGE, P.C.
401 S. OLD WOODWARD AVE.
SUITE 400
BIRMINGHAM, MI 48009-6629

(248) 645-0800

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED